

#### U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

April 2, 2025

Perry Primavera, Esq.
21 Main Street
Court Plaza South West Wing
Suite 352
Hackensack, NJ 07601

      Re:    <u>Plea Agreement with Wilson Peralta Tavarez</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Wilson Peralta Tavarez ("Peralta Tavarez"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on April 15, 2025, if it is not accepted in writing by that date. If Peralta Tavarez does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Peralta Tavarez to an Information, which charges him with Unauthorized and Exceeding Authorized Access to a Protected Computer with the Intent to Defraud, in violation of Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A). If Peralta Tavarez enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Peralta Tavarez for the conduct described in the criminal complaint, Mag No. 25-9083 (CLW).

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Peralta Tavarez even if the applicable statute of limitations period for those charges expires after Peralta Tavarez signs this agreement, and Peralta Tavarez agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A) to which Peralta Tavarez agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon Peralta Tavarez is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Peralta Tavarez ultimately will receive.

Further, in addition to imposing any other penalty on Peralta Tavarez, the sentencing judge as part of the sentence:

(1) will order Peralta Tavarez to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Peralta Tavarez to pay restitution pursuant to 18 U.S.C. § 3663 *et seq*.

(3) must order forfeiture pursuant to 18 U.S.C. §§ 982(a) and 1030(i)

(4) may order Peralta Tavarez, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(5) pursuant to 18 U.S.C. § 3583, may require Peralta Tavarez to serve a term of supervised release of not more than 3 years per count, which will begin at the expiration of any term of imprisonment imposed. Should Peralta Tavarez be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Peralta Tavarez may be sentenced to not more than 2 years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

  Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Peralta Tavarez agrees to pay full restitution to the victim(s) of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses in an amount that fully compensates the victim(s) for the losses sustained as a result of those offenses to such victim(s), and in such amounts, as either the parties will agree before the time of sentencing or that the Court will determine through a restitution hearing at the time of sentencing.

Forfeiture

  As part of Peralta Tavarez's acceptance of responsibility, Peralta Tavarez agrees to forfeit the following to the United States of America, pursuant to 18 U.S.C. §§ 982(a)(2)(B), (a)(7), and 1030(i), all property, real or personal, Peralta Tavarez obtained that constitutes or was derived, directly and indirectly, from gross proceeds traceable to the offenses charged in Counts One and Two of the Information, and all property traceable to such property.

  Peralta Tavarez further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, entitling the United States to forfeit substitute assets equal to the aggregate value of the forfeitable property described above (the "Money Judgment"). Peralta Tavarez consents to the entry of an order requiring Peralta Tavarez to pay the Money Judgment, in the manner described below (the "Order"), and agrees that the Order will be final as to Peralta Tavarez prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

  All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Peralta Tavarez's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Peralta Tavarez agrees that this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

  Peralta Tavarez waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Peralta Tavarez understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Peralta Tavarez of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Peralta

Tavarez waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Peralta Tavarez further understands that Peralta Tavarez has no right to demand that any forfeiture of Peralta Tavarez's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Peralta Tavarez in addition to forfeiture.

Peralta Tavarez further agrees that, not later than the date Peralta Tavarez enters the guilty plea, Peralta Tavarez will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Peralta Tavarez fails to do so, or if this Office determines that Peralta Tavarez has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Peralta Tavarez by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Peralta Tavarez's activities and relevant conduct with respect to this case.

Stipulations

This Office and Peralta Tavarez will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Peralta Tavarez waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Peralta Tavarez understands that, if Peralta Tavarez is not a citizen of the United States, Peralta Tavarez's guilty plea to the charged offenses will likely result in Peralta Tavarez being subject to immigration proceedings and removed from the United States by making Peralta Tavarez deportable, excludable, or inadmissible, or ending Peralta Tavarez's naturalization. Peralta Tavarez understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Peralta Tavarez wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Peralta Tavarez's removal from the United States. Peralta Tavarez understands that Peralta Tavarez is bound by this guilty plea regardless of any immigration consequences. Accordingly, Peralta Tavarez waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Peralta Tavarez also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Peralta Tavarez. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Peralta Tavarez from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Peralta Tavarez and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

    Very truly yours,

    ALINA HABBA
    United States Attorney

By:   DAVID E. MALAGOLD
       TREVOR A. CHENOWETH
       Assistant U.S. Attorney

APPROVED:

ANTHONY P. TORNTORE
Chief, Cybercrime Unit

     I have received this letter from my attorney, Perry Primavera, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                Date:  05/12/25
Wilson Peralta Tavarez

     I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                Date:
Perry Primavera, Esq.
Counsel for Defendant

Plea Agreement With Wilson Peralta Tavarez

Schedule A

1. This Office and Peralta Tavarez recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

3. The applicable guideline is U.S.S.G. § 2B1.1. Because Count One of the Information carries a statutory maximum term of imprisonment of less than 20 years, pursuant to U.S.S.G. § 2B1.1(a)(2), the base offense level is 6.

4. Pursuant to U.S.S.G. § 2B1.1(b)(1)(E), there is an 8-level enhancement because the loss was greater than $95,000 but not greater than $150,000.

5. Pursuant to U.S.S.G. § 2B1.1(b)(2)(A), there is a 2-level enhancement because the offense involved 10 or more victims.

6. Pursuant to U.S.S.G. § 2B1.1(b)(18)(A), there is a 2-level enhancement because Peralta Tavarez is pleading guilty to an offense under 18 U.S.C. § 1030, and the offense involved an intent to obtain personal information.

7. As of the date of this letter, Peralta Tavarez has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Peralta Tavarez's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Peralta Tavarez has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Peralta Tavarez's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Peralta Tavarez enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Peralta Tavarez's acceptance of responsibility has continued through the date of sentencing and Peralta Tavarez therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Peralta Tavarez's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. If Peralta Tavarez establishes at sentencing that he both has no criminal history points and meets the other criteria prescribed by U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level.

10. Accordingly, the parties agree that, depending on the Court's resolution of the open Guidelines issue noted above, the total Guidelines offense level applicable to Peralta Tavarez (the "Total Offense Level") is:

    a. **15**, or

    b. **13,** if the Court finds that Peralta Tavarez meets the criteria prescribed by U.S.S.G. § 4C1.1.

11. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose..

12. If the term of imprisonment does not exceed 24 months, and except as specified in the next paragraph below, Peralta Tavarez will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 12 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

13. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and

compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).